RECEIVED
NOV 0 7 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| MELVIN PUGH | CIVIL ACTION NO. 05-1660-P |
| VERSUS | JUDGE HICKS |
| STATE OF LOUISIANA, ET AL. | MAGISTRATE JUDGE HORNSBY |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Melvin Pugh ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on September 21, 2005. Plaintiff is incarcerated at the Bossier Sheriff Correctional Facility in Plain Dealing, Louisiana. He names the State of Louisiana, Pamela Smart, Karen Sikes, Shunta Lynn Hall and John Schuyler Marvin as defendants.

Plaintiff claims attorney Pamela Smart was appointed to represent him and provided him with ineffective assistance. Specifically, he claims Smart failed to request a preliminary hearing, failed to cross-examine witnesses and failed to investigate contradictions.

Plaintiff claims that on October 3, 2003, he received a harassing letter from Karen

Sikes, an investigator with Social Services. He claims Sikes accused him of murdering his daughter. He also claims she accused him of beating his son. Plaintiff claims that on March 18, 2003, he appeared before Judge Stinson and was granted visitation with his son because the report from Social Services stated he was not a threat to him.

Plaintiff claims District Attorney Schuyler Marvin is responsible for him being slandered by the local news media. He claims Marvin's file which the media had access to stated that Shunta Hall witnessed him choke, beat and slam his six week old daughter to the floor on September 29, 2002.

Plaintiff claims Shunta L. Hall, the mother of his daughter, made a statement that he grabbed his six week old daughter and choked her, hit her head several times and slammed her to the floor. He claims the autopsy report proved that her statement was false.

As relief, Plaintiff seeks legal representation and to file a lawsuit.

## LAW AND ANALYSIS

### State of Louisiana

Plaintiff names the State of Louisiana as defendant in this action, even though he makes no claims against the State of Louisiana. Even if Plaintiff made claims against the State of Louisiana and sought money damages, he would not be entitled to relief because the Court's jurisdiction over those claims would be barred by the Eleventh Amendment. Penhurst State School & Hospital v. Halderman, 465 U.S. 89, 121, 104 S.Ct. 900, 919, 79 L.Ed.2d 67 (1984).

The Eleventh Amendment provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

The Eleventh Amendment has been judicially interpreted as a bar to suits in federal court by a private party seeking to impose liability which must be paid with funds from the State Treasury. Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); Ford Motor Company v. Department of Treasury, 323 U.S. 459, 65 S.Ct. 347, 84 L.Ed.2d 389 (1945).

Congress has not abrogated the States' Eleventh Amendment immunity in § 1983 actions. Quern v. Jordan, 440 U.S. 332, 99 S.Ct. 1139, 39 L.Ed.2d 358 (1979). Therefore, the only avenue by which Plaintiff may seek money damages against the State in federal court is if the State, by the most express language or by overwhelming implications, consents to be sued in federal court. Ex Parte Young, 209 U.S. 123, 28 S.Ct. 241, 52 L.Ed. 714 (1908); Edelman v. Jordan, 415 U.S. 651, 673, 94 S.Ct. 1347, 1360-61, 39 L.Ed. 2d 662, 678 (1974); Brennan v. Stewart, 834 F.2d 1284, 1251-53 (5th Cir. 1988).

The Louisiana State Constitution, Article 12, Section 10(a), in pertinent part provides: "the state...shall [not] be immune from suit and liability for injury to person or property." The State's limited waiver of immunity is further qualified by LA. R.S. 13:5106, which prohibits suits against the State in any court other than a Louisiana state court. American Telephone and Telegraph Co. v. Madison Police Jury, 465 F.Supp. 168 (D.C.

1977).

The State's limited waiver of immunity from suit in state court must not be misconstrued as a waiver of constitutional immunity under the Eleventh Amendment from suit against a state in federal court. The State of Louisiana has not waived its rights under the Eleventh Amendment. Usry v. Louisiana Department of Highways, 459 F.Supp. 56, 63-64 (E.D. La. 1978); Kiper v. Louisiana State Bd. of Elementary and Secondary Education, 592 F.Supp. 1343 (M.D. La.), aff'd 778 F.2d 789 (5th Cir. 1985).

Plaintiff instituted the instant action pursuant to 42 U.S.C. § 1983. This Court is aware of no provision enacted by Congress which, under these circumstances, authorizes an award of money damages against a state as retrospective relief for alleged past wrongs. Stewart, at 1252. Plaintiff's claims and the relief sought would fall within the strictures enunciated in Stewart, thereby barring a retrospective award of damages. This Court cannot grant Plaintiff the relief he seeks.

Accordingly, his claim against the State of Louisiana should be dismissed without prejudice because this Court lacks subject matter jurisdiction.

**Pamela Smart**

Plaintiff claims that his appointed defense attorney Pamela Smart provided ineffective assistance during his state criminal trial proceedings. However, Plaintiff does not specifically allege Pamela Smart acted under color of state law.

Section 1983 prescribes redress for conduct by any person who, under color of state

law, acts to deprive another person of any right, privilege or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. A plaintiff in a civil rights suit must show that the conduct complained of was committed by a person acting under color of state law. Neither privately obtained nor court appointed defense attorneys act under color of state law for purposes of Section 1983.

Both a retained and a court appointed attorney serve their client, the accused; they do not serve the state. They serve a private function for their client that follows from the very nature of the attorney-client relationship and for which no state office or authority are needed. Hence, neither a retained nor a court appointed attorney acts under color of state law and cannot be held liable under Section 1983. See Polk County v. Dodson, 454 U.S. 312 (1981); Ellison v. DeLa Rosa, 685 F.2d 959, 960 (5th Cir. 1982) (citing Polk County, supra); United States ex rel. Simmons v. Zibilich, 542 F.2d 259, 261 (5th Cir. 1976); Nelson v. Stratton, 469 F.2d 1155 (5th Cir. 1972); Richardson v. Fleming, 651 F.2d 366 (5th Cir. 1981); Mills v. Criminal District Court #3, 837 F.2d 677 (5th Cir. 1988)(citing Nelson, supra).

As such, Plaintiff's civil rights complaint against defendant Pamela Smart should be dismissed as frivolous.

**District Attorney John Schuyler Marvin**

Plaintiff complains that the District Attorney's file contained a statement from Shunta Lynn Hall in which she accused him of choking, beating and slamming to the floor his six week old daughter. He claims the local media had access to this file and slandered him with

Hall's statement. Prosecutors have absolute immunity when acting in a quasi-judicial mode. Imbler v. Pachtman, 424 U.S. 409, 106 S.Ct. 984, 47 L.Ed.2d 128 (1976); Geter v. Fortenberry, 849 F.2d 1550 (5th Cir. 1988). The Fifth Circuit has repeatedly recognized the purpose of the immunity defense is to protect public officials from undue interference with their duties and from disabling threats of liability. Geter, 849 F.2d at 1552. Absolute immunity is immunity from suit rather than from liability. Elliot v. Perez, 751 F.2d 1472 (5th Cir. 1985). The Fifth Circuit "has likewise accepted the premise that the protected official should be sheltered from trial and pre-trial preparation as well as liability." Id. at 1478.

The conduct challenged unequivocally falls within the authority of the district attorney, as quasi-judicial officer of the court and in the ordinary exercise of his quasi-judicial duties.

Accordingly, Plaintiff's civil rights complaint against District Attorney John Schuyler Marvin should be dismissed as frivolous.

**Shunta Lynn Hall**

Section 1983 prescribes redress for conduct by any person who, under color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. See 42 U.S.C. § 1983. A plaintiff in a civil rights suit must show that the conduct of which he is complaining was committed by a person acting under color of state law. Plaintiff has not alleged any action that would give

rise to the defendant Shunta Lynn Hall being a state actor for purposes of Section 1983.

Accordingly, Plaintiff's civil rights complaint against Shunta Lynn Hall should be dismissed as frivolous.

**Karen Sikes**

In Wilson v. Garcia, 471 U.S. 261 (1985), the Court articulated the guidelines to be used in determining what prescriptive period should apply to Section 1983 claims. The Court determined that "§ 1983 claims are best characterized as personal injury actions" and that the forum state's statute of limitations applicable to such claims should be used. Id. at 280. In Gates v. Spinks, 771 F.2d 916 (5th Cir. 1985), the Fifth Circuit Court of Appeals phrased the test as: "The state statute governing the general tort remedy for personal injuries should apply to 1983 actions . . ." Gates, 771 F.2d at 919.

The Louisiana Civil Code provides a general prescriptive statute that governs tort actions. The article subjects delictual actions to liberative prescription of one year. See La. Civ. Code art. 3492 (West 1985). The Fifth Circuit qualified this prescriptive period, however, when it held that "a section 1983 action accrues and the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis for the action." Watts v. Graves, 720 F.2d 1416, 1417 (5th Cir. 1983).

Plaintiff complains that on October 3, 2003, he received a harassing letter from Karen Sikes concerning the death of his daughter and visitation of his son. Thus, prescription began to run as to this claim when Plaintiff received the letter on October 3, 2003. The

above entitled and numbered complaint was not filed by the Clerk of Court until September 21, 2005. Plaintiff's claim is therefore prescribed.

Accordingly, Plaintiff's civil rights complaint against Karen Sikes should be dismissed as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis, if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an in forma pauperis (IFP) proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights claims against the State of Louisiana be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction and that Plaintiff's civil rights claims against the remaining defendants be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. Proc. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this the 7th day of November 2005.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE

CC:SMH

H:\PRO SE\1983\ACTOR\Pugh.state.atty.da.cit.rx.11-05.wpd